

# Notice of Service of Process

null / ALL
**Transmittal Number: 23818348**
Date Processed: 09/24/2021

| | |
|---|---|
| **Primary Contact:** | Walgreens Distribution<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | Walgreen Co.<br>Entity ID Number  0501431 |
| **Entity Served:** | Walgreen Co |
| **Title of Action:** | James Cusack vs. Walgreen Co. |
| **Matter Name/ID:** | James Cusack vs. Walgreen Co. (11587144) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202161047 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/23/2021 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Brevin Jackson<br>713-322-4878 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

DELIVERED: 9/23/21
By: KM

CAUSE NO. 202161047

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 930549  TRACKING NO: 73919137
EML

| Plaintiff:<br>CUSACK, JAMES<br>vs.<br>Defendant:<br>WALGREENS CO | In The 234th<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

### CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To: WALGREEN CO (AN ILLINOIS CORPORATION) BY SERVING ITS REGISTERED AGENT PRENTICE HALL CORPORATION SYSTEM
211 E 7TH STREETSUITE 620, AUSTIN TX 78701

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on September 21, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on September 22, 2021, under my hand and seal of said court.



Issued at the request of:

JACKSON, BREVIN J.
440 Louisiana St, Suite 1400
Houston, TX 77006
409-781-5142
Bar Number: 24120352

Marilyn Burgess

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: LISA THOMAS

CTH: 9/23/21 at 2:40 PM

9/21/2021 1:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57453820
By: Lisa Thomas
Filed: 9/21/2021 1:24 PM

CAUSE NO. _____

| JAMES CUSACK | § | IN THE DISTRICT COURT |
|---|---|---|
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WALGREEN CO. | § | |
| | § | |
| *Defendant.* | § | \_\_\_\_ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, James Cusack (hereinafter, "Plaintiff") complains of Defendant, Walgreen Co., (hereinafter, "Defendant"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of no more than $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000.00.

### Parties

4. Plaintiff is an individual residing in Harris County, Texas.

5.  Defendant, Walgreen Co. (hereinafter "Defendant"), is an Illinois corporation engaged in business in Harris County, Texas. Defendant may be served with process by serving its registered agent, Prentice Hall Corporation System, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

**Facts**

6.  This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about August 20, 2021. At that time, Plaintiff was an invitee at Defendant's store at 411 Mason Road, Katy, Texas 77450. Plaintiff was walking through the Defendant's store when an employee opened a door and struck him in the head and arm causing him to bleed. The contact with the door caused the Plaintiff to suffer severe injuries. There were no warning signs present or any other signs of caution near the area where the incident occurred. Plaintiff was not aware of the dangerous and defective condition.

7.  At the time of the incident in question, Plaintiff was an invitee of the Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.  Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failure to inform Plaintiff of the dangerous condition existing on the premises;

   e. Negligently hired and/or retained employees;

   f. Negligently trained and/or supervised employees; and

   g. Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement; and

   e. Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Duty to Disclose

15. Pursuant to 194, Tex. R. Civ. P. exempted by Rule 194.2(d), Defendant must, without awaiting a discovery request, provide to Plaintiff the information or material described in Rule 194.2, Rule 194.3, and Rule 194.4.

### Initial Disclosures

16. Pursuant to Rule 194, Tex. R. Civ. P., Defendant must, without awaiting a discovery request, provide information or materials described in Texas Rule of Civil Procedure 194.2 in Defendant's initial disclosure at or within 30 days after the filing of the first answer. Copies of documents and other tangible things must be served with Defendant's response.

### Rule 193.7 Notice

17. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled.

*[Signature block on next page]*

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Brevin Jackson*
**Brevin Jackson**
Texas State Bar No. 24120352
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brittani Hubenak on behalf of John Daspit
Bar No. 24048906
brittani@daspitlaw.com
Envelope ID: 57453820
Status as of 9/21/2021 1:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Alma Lira | | Alira@proactivelegal.com | 9/21/2021 1:24:50 PM | SENT |
| Jamie GailMallard | | jmallard@daspitlaw.com | 9/21/2021 1:24:50 PM | SENT |
| John Daspit | | e-service@daspitlaw.com | 9/21/2021 1:24:50 PM | SENT |
| Brevin Jackson | | jackson@daspitlaw.com | 9/21/2021 1:24:50 PM | SENT |
| Brittani Hubenak | | brittani@daspitlaw.com | 9/21/2021 1:24:50 PM | SENT |
| Daspit Proactive Legal | | daspit@proactivelegal.com | 9/21/2021 1:24:50 PM | SENT |